## GUSTAVUS A. MARSH *et al.*

### *v.*

## MICHAEL SMITH.

1. TRESPASS AGAINST AN OFFICER—*whether the legality of his appointment can be inquired into.* In an action for trespass assault and battery, and false imprisonment, the defendant justified the arrest out of which the alleged cause of action arose, which arrest was without warrant, upon the ground that he was an officer and found the plaintiff intoxicated and in a suspicious condition in respect to a larceny: *Held*, that the question whether the defendant was an officer legally appointed, could not be tried in this action.

2. SAME—*of arrest upon suspicion.* It is the duty of a police officer, if he knows a felony has been committed in his jurisdiction, and there is good reason to suspect a particular person as being the guilty party, to arrest him and take him before a magistrate for examination.

3. But there must be a strong conviction, from the circumstances, that the party arrested was the felon, for if it should appear there were no such circumstances, a jury can exercise a wide and liberal discretion as to the damages they will give the injured party.

4. INSTRUCTIONS—*questions for the court and jury.* In an action for trespass, based upon an alleged illegal arrest of the plaintiff, where the defendant justified as a policeman of a city, the court, in leaving the question to the jury as to whether the defendant was a duly and legally appointed policeman, should explain to them what constitutes such appointment.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of trespass, for an alleged illegal arrest, false imprisonment, and alleged assault and personal injury, brought by the appellee, Michael Smith, against the appellants, Gustavus A. Marsh and Robert N. Pollock. The defendants pleaded the general issue, and also a joint plea justifying the alleged trespasses. The cause was tried before the court and a jury, and a verdict for $200 found for the plaintiff, upon which the court rendered judgment, and the defendants appealed to this court.

Messrs. WILLIAMS & CLARK, for the appellants.

Mr. A. M. CRAIG and Mr. P. H. SANFORD, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action brought to the circuit court of Knox county, by Michael Smith, against Gustavus A. Marsh and Robert N. Pollock, for trespass assault and battery, and false imprisonment, in which such proceedings were had that a verdict and judgment were entered against the defendants for $200.

To reverse this judgment, the defendants appeal to this court.

It appears, Marsh, one of the defendants, claimed to act as marshal, and Pollock as a policeman, of the city of Galesburg, and in the exercise of their functions, arrested the plaintiff, who was found after night, intoxicated, and in a suspicious condition in respect to a trunk of the value of $25—so suspicious as to induce these officials to arrest him and put him in jail, and take him before a magistrate for a felony, who, upon examination, discharged him. Nothing of a willful or harsh character was manifested by the defendants, and the evidence leaves the strong impression they acted honestly, from convictions of their duty in the premises. But the appellee contends

they were not officers having, *ex officio,* the authority to arrest a party without warrant.

The fact, whether they were officers legally appointed, could not be tried in this action. They justified the act of arrest by the fact they were, one the marshal and the other a policeman of the city of Galesburg, duly appointed. They were appointed to those offices respectively, and we think Pollock established his position by the evidence. The ordinance of October 19, 1857, being No. 19 of the series, creates a police department, to consist of the mayor, marshal, and such policemen as then were, or might thereafter be, appointed. Sec. 2, gives the appointment of the policemen to the council or mayor. Sec. 3, gives the mayor a general supervision and control of the police. Sec. 4, defines the duties of city marshal, and in case of necessary absence of any policeman, may appoint a temporary substitute, and is to report to the council each month the number of days and nights each policeman has been on service. Sec. 5, requires all the members of the police department to preserve order, peace and quiet throughout the city, to the best of their ability, and arrest any person found at any time, day or night, in a state of intoxication, in any street, &c., or exposed place in the city. If the arrest is made at night, and when the police court is not in session, the officer is required to convey the party to the city jail, and detain him until the opening of the police court, unless bail is given.

Pollock was appointed assistant policeman by the mayor, in June, 1867, to assist the marshal, and to hold the office until ousted by the council. The council sanctioned the appointment, by paying the bills Pollock presented for his services, and he continued to act without question, and was recognized by the mayor as an officer, and he had given him orders as such.

We think this proof was sufficient to show that Pollock was a police officer, duly appointed. The ordinance does not require that policemen should be commissioned.

As to Marsh, there is no question but he was the city marshal, duly appointed and commissioned.

This being the position of the defendants, some evidence should have been given that they had in the arrest of the plaintiff exceeded their authority. The ordinance authorized either of them to arrest an intoxicated party and found in that condition in a public street, and duty required them, if they knew a felony had been committed in their jurisdiction, and there was good reason to suspect a particular person as being the guilty party, to arrest him and take him before a magistrate for examination. But there must be a strong conviction from the circumstances, that the party arrested was the felon, for if it should appear there were no such circumstances, a jury can exercise a wide and liberal discretion as to the damages they will give the injured party. The unlawful arrest of a free citizen, finds no favor with courts, juries, or with the public at large, and if officers clothed with brief authority, shall indulge in it as a luxury, they must expect to pay for it.

But we do not design going into an examination of the merits of the cause, as we are of opinion the judgment must be reversed, on the plaintiff's fourth instruction. It is this:

"The jury are instructed that it is for them to determine, from all the evidence before them, whether the defendant, Pollock, was, at the time of making the arrest, a duly and legally appointed policeman of the city of Galesburg, and if he was not, the jury will find for the plaintiff as against said Pollock."

The instruction was hardly just to the policeman. The question should not have been left to the jury without an explanation from the court, as to what constitutes such appointment. Pollock had the appointment from the mayor, and the council and mayor had, since the appointment, recognized him

as a policeman, and that was evidence he was an officer *de jure,* and the court should have so told the jury.

For the error in giving the fourth of plaintiff's instructions, the judgment is reversed and the cause remanded.

*Judgment reversed.*